Good morning, Your Honor. Stephen Wiley, City Attorney for the appellate City of Santa Barbara. May it please the Court, we honestly do not have much to add to our briefing. We won't belabor the arguments made. I would like to say that the core, the nub of our case, our appeal, has to do with the fact that to us, how is it that you can balance equities? How is it that an equitable remedy such as a preliminary injunction could be available to a criminal enterprise? And to a criminal enterprise by their ability on evidence, by the evidence submitted to the district court in support of their, well, first in their complaint, and then in support of their motion for a preliminary injunction. You know, the notion of, the equitable notion of balancing equities, unclean hands, only issuing an injunction when it's in the public interest, only issuing an injunction when there's a likelihood of irreparable injury to the party seeking the injunction, is all based on a pretty basic premise that the party is not a criminal enterprise. At Santa Barbara, it did license the enterprise, did it not? We did, but at the time, of course, we had no way to know how they would operate. So have you instituted criminal prosecution against them? We have not, but recently the DEA, the Drug Enforcement Administration, the U.S. Attorney's Office has initiated possible forfeiture actions. But they've done that across the state. I understand there's an effort by the Department of Justice. It's been in the news, that's the only reason. But coming back, taking your point about the criminal enterprise, setting that aside for the moment, the district court in this case gave great weight to the 180-day notice and time to move and find other quarters. Now that, one thing that Santa Barbara City did do was extend, as I understand it, that time to four years.  That's correct. So why wouldn't that then be a basis for asking the district court to reconsider the preliminary injunction, since that was the essential predicate of his injunction? And that's not just a rhetorical question, that's a practical one. Did you move in the district court to ask the court to reconsider or vacate the injunction on that basis? No, in fact, we have not. Of course, we needed to file our appeal in a timely fashion before that decision had been made. Secondarily, it's not generally our practice to ask a judge to reconsider when a judge has been fairly unequivocal about a decision. And thirdly, they filed an amended complaint, making it clear that they still believe that their civil rights have been violated, that a fundamental vested right, even with the ordinance amendment, is being taken from them. All right. Well, why don't we let — I think it would be useful unless my colleagues have any questions. I'd like to hear from the — I have one question about the effect. There is a case, Pack v. Superior Court, and if the California Supreme Court decides in the Pack case that the city's permit scheme is preempted, doesn't that moot the injunction and disappeal? Yes, except that, as I read the Pack case, and, of course, the Supreme Court has granted hearing in four cases, Pack and three others, and they're all about medical marijuana, different aspects of it. But as I read the rationale in the Pack case, the district court of appeal rationale, it's essentially that these storefront dispensaries cannot be done consistently with both state and federal law. They are not consistent with the Medical Marijuana Practices Act, for example, the state act. So if there's a preemption issue, my view of it is, and there are a lot of cases recently on this, and four of — at least four are going to be at the California Supreme Court. My view of it is that there's likelihood to be some real clarification here on the group activity, on what groups of individuals can get together and do. And the cases so far, the district court of appeal cases, are pretty strongly indicating that the statute 11-362.775, that's one of the Medical Marijuana Practices Act statutes, only authorizes group cultivation. That's the only thing. And this, again, I think goes back to the prop 215, the 1996 initiative, which was, in our view, a very limited initiative. And it's about the small scale, the personal possession of small amounts of marijuana and the personal cultivation of small amounts of marijuana for medical reasons. It did create this concept of a primary caregiver to recognize that a seriously ill individual, what the initiative calls a qualified patient, they could be so seriously ill, they could not cultivate marijuana for themselves. They could not obtain it for themselves. And they would need someone like a spouse or close relative or a very close friend to do this for them. I think my point here is this initiative is really a small scale, if you will, a backyard type of thing. And that's all it authorizes. Yet what we see here in California now in recent years are storefront dispensaries in one reported case with 5,000, quote, unquote, members of the cooperative. And would it make any sense, then, for us to defer submission of this case and wait for the PAC case to come down? My law clerk checked and said it takes about eight months for the Supreme Court in California to get to a case. But would it make any sense for us to defer submission? Yes, Judge Nelson. I actually was going to suggest that. Of course, the State Appellate Court Rule 854. I'm sorry, 8.548 allows the district of the circuit court to certify a question to the California Supreme Court. So there's an established process for this. We're familiar with it. We've invoked it. They don't always heed our plea. Right. But let me ask you in response to that. Because the court of appeal decision has essentially been superseded now by the grant of hearing, this just came up in your reply brief. Is this something you were aware of before when you wrote your opening brief, the PAC case? Oh, no. It came down after your opening brief? I think PAC came out last December. 2011, yeah. Well, I didn't go back to check when the briefs were. But in any event, if we defer submission, then the injunction stays in place. Isn't that right? That's correct. And you're comfortable with that? Well, we do. Just actually to get back to Judge Fischer, to get back to your initial question, it's not just that the DEA and the U.S. Attorney's Office has done things on a statewide basis. They have worked closely with our police department. This has been a joint operation. I don't want to get into off-the-record kind of stuff, okay? But, yes, the answer to that question is yes. Okay. I just want to clarify that you didn't argue preemption in the trial court, right, at the time of this preliminary hearing? No, we did not argue preemption. We're making the same argument here on this appeal that we made at the district court, that this was an illegal operation. Thank you. Okay. I just did. You have reserved time, if you'd like. Good morning. Good morning. Can you see me over this? I'm Dana Rosenberg. I represent the Santa Barbara Patients Collective Health Cooperative. Let me just ask, opposing counsel said you still object to the four-year amortization. Yeah, we feel that the four-year amortization does not pass constitutional muster. Whether it's 180 days or four years. That's correct. We feel we should be grandfathered in. It strikes me. Grandmothered? Grandparented, maybe. Well, in all seriousness, I would like to address two questions, then. Number one, it is clear that whatever your views may be about the four-year, what was dispositive to the district court that it was only six months. So the principal predicate of the injunction has now been superseded. Okay. So my first question would be, why shouldn't we remand to the district court to reconsider the new argument that you've made? Because the district court has certainly not passed on whether the four-year time entitles you to an injunction and your probability of success. Nor has the district court really addressed any of the other potential issues relating to operating regulations and the like. And secondly, given the Pack case and its pendency before the California Supreme Court, do you agree or disagree that it would be wise for us to defer submission until the California Supreme Court rules? Those are two questions, and you can address them in either order. Okay. Well, for one thing, I don't think that this Court needs to wait for Pack. I mean, as a matter of comedy, the federal court should hold its hand and not decide California law. Well, but if California law is that it's illegal or rather that it's preempted, then this whole case is moot, and that's a matter of our jurisdiction. Well, there's two ways to approach that. First of all, I think the city is asking this Court to do something extraordinary. It's asking this Court to decide an issue that was never before the lower court. Well, the Pack case only came down apparently after the district court ruled, correct? But there was no evidence of criminal behavior or any violations. We're not talking criminal behavior right now. We're talking about Pack, which is a preemption case. And Pack does not address whether or not statutes as a whole are preempted. The Pack court, the California appellate court in looking at Pack, was concerned with specific parts of the permitting, yeah, of the ordinance. It was not, Pack is not going to be ruling on whether or not all ordinances are preempted. It's concerned with three or four sections of the Long Beach ordinance, including the ordinance that requires a $12,000 entry fee for the lottery. The ordinance that requires transportation of the medical marijuana to get it tested. Well, let me, okay, there are specific things, but I have trouble, well, I haven't gone back to look at Pack in detail, okay, as to what the California Supreme Court is undertaking. But I am familiar with arguments about medical marijuana and the interplay of the Controlled Substances Act and the argument that cities are making that the Controlled Substances Act, where they're trying to revoke permits and the like, that the Controlled Substances Act controls over any local ordinances. And is that not the issue broadly that's before the California Supreme Court as to whether any of the regulations, whether it's Long Beach or Santa Barbara's or whatever, are preempted under the Controlled Substances Act? I don't believe it is. I believe the issue before Pack is whether or not certain sections of the Long Beach ordinance are preempted because instead of decriminalizing possession for medical use, they permit possession. And it's not concerned with taking back the whole scheme of medical marijuana dispensary permitting. But nothing that would over, you're saying, are you telling us that there's nothing in the Pack case that if the California decides in favor of the city of Long Beach, that none of that will have any application to Santa Barbara's ordinance that's at issue in this case? And as applied to you? Not as applied to us. What I'm trying to say here is that I don't think the Court has to make these interpretations in order to affirm Judge Pragerson. And you aren't listening to my question or question. The question is whether we need to decide and whether Judge Pragerson's injunction is at all relevant anymore because the whole issue is moot, that if the California Supreme Court has interpreted California law to say that federal law preempts all of the licensing, then there's a whole new ballgame, and we're just giving an advisory opinion at that point. No, sir, Your Honor. I don't agree. I don't think that's what the Pack Court is going to be deciding. Well, that's what we're trying to find out. So we'll have to examine that and see whether we agree or disagree with you. So could I just ask if I'm looking at the Wright-Pack case? What I have at page 646 says this issue, the whole issue presented by this writ proceeding is whether the city's ordinance is preempted by the federal CSA. And then it goes on to say it is. So I know these cases are coming down. There are several of them, but this is the one that came down October 4, 2011. That was the petition for review, but the answering and opening briefs have now been filed in that case. And your position is that the issue is not preemption via the Controlled Substances Act? No. If I'm understanding your response to Judge Bush's question correctly. I'm sorry. That's all right. My position is that the preemption issues that the Pack Court, that the California Supreme Court is looking at in Pack, is not whether or not the entire permitting scheme is preempted. They're looking at several sections of the Long Beach permit to find out whether or not those particular sections are preempted. They're also looking at whether or not it's constitutional to ban dispensaries entirely. Those are the two main questions, not whether or not the entire or all permitting schemes have to be preempted by. Okay. All right. I think we'll have to find out what the scope is. We have your position. But I ask the second question, which is why, given the nature and reasoning of the district court, should we not remand to the district court to reconsider and reweigh the equities since the main predicate of his ruling has now been changed, which is it's no longer 180 days, it's four years. So that you can argue to him everything you want to, but the clear predicate for his injunction has now been superseded. Well, there are other issues now, which is why we filed a first amended complaint. Yes. So why don't we put why shouldn't this go back to the district court? For the very reason you filed a new complaint, why shouldn't this go back to the district court to now reweigh and look at the equities and the probabilities in light of your new complaint? I think that there should be a ruling on this case. There's still a live controversy. Which is what? Which is whether or not the four years passes constitutional muster. That wasn't presented to the district court. There was no four years. That's why you replayed your complaint, isn't it? Yes. But this didn't solve our problems. I mean, a case becomes moot when there's a repeal, you know, according to Chemical Producers v. Hellecker, when there's a repeal of an ordinance that solves all the petitioner's problems. This didn't solve our problems. I didn't suggest that it solved all your problems, but the case hasn't been tried. All you got was an injunction pending the trial on whether you would prevail on the merits. And what attracted the attention and favorable ruling of the district court was the short period of time. And that's, you know, if he had addressed all of the aspects of your complaint, that would be one thing, but he didn't. He focused almost entirely on what appeared to be probably reasonable. You didn't have enough time. You had six months. Now it's four years. Now that changes the equation, wouldn't you agree? To a certain extent, but I still feel that because none of these federal preemption issues were in front of the court, that we should be able to get a ruling here. We need affirmation of that ruling and the law that was in front of Judge Pragerson at the time. Setting aside the preemption issue, my question, to put it a little bit different way, is why it is you're urging us to take up this revised statute in the first instance before the trial court has ruled on it? He hasn't considered the four-year period or the additional obligations your client would be subjected to by way of, you know, record-keeping requirements and inspections and whatnot under the revised scheme. Why would we take that up in the first instance? Why would you take that up? I'm sorry, I couldn't quite hear you. I understand your argument to be that your problems aren't solved by this four-year period. That's what you've just told Judge Fischer. My question is just why would we take that up in the first instance rather than allowing the trial court to do that? Well, there's an appeal pending on the 180-day ruling, and we would like a ruling on that. What's the ruling? What would you like us to say about the 180 days that the district? To affirm that ruling. And? But that's no longer the facts, and the question is why should the district court's injunction go forward on a basis that now you've already got relief on? You've won on that. You won that 180 days isn't appropriate. The city caved on it. So now the question is as a matter of preliminary injunction law, what we're trying to suggest is that the best outcome is to go back and go to the district court and let him evaluate your new complaint and see if you're still entitled to an injunction. Well, we're going to have to do that anyway, but as I tried to explain, I'm not doing that. We do need an affirmation of this ruling. Okay. All right. Thank you. I'd like to be clear again that we are not arguing preemption. We have not argued preemption. But this, the cases are recently very much about preemption. We have had the published decision that's now unpublished, in particular had an extensive discussion of federal CSA versus the Medical Marijuana Practices Act, a very detailed preemption discussion. But you just got through telling us you didn't argue that before the trial court. No. We're clear on that. And the reason is, again, our starting point is how do you get to a balancing of equity? How do you even get over the courthouse threshold door if you're a criminal enterprise? Their own evidence made it clear they aren't even complying with the State law that authorizes this sort of thing under limited circumstances. How can you ask for an injunction and how the – and certainly this Court could remand and suggest that the question be reexamined in light of the new ordinance, the four-year term. I thought you argued in your reply brief that in light of the PAC decision, the city's permit scheme for marijuana dispensaries is preempted by the CSA. If I said that, I was not clear and I didn't mean to say that. There's a complex knot here, and it has to do what exactly is allowed by State law and is what is allowed by State law consistent with the concurrent jurisdiction, concurrent federal CSA jurisdiction. And essentially what PAC was trying to sort out, what can the State of California allow in this area yet not run afoul of the CSA because it's concurrent jurisdiction and it has to do with – I believe it's called obstacle preemption or present an obstacle to the effectuation of the federal statutes. The way I read your reply brief was to say that you're sort of taking the position and it's the first time you raise it, I think, in your reply brief that this scheme is preempted but you disavow it, so almost in the same sentence, that that's not your argument today, that that has to wait for another day. We're not making that argument now because we're waiting for PAC. Have I misunderstood your brief? No, you haven't. I recall the sentence now, Judge Christin. I said that PAC implies that even our ordinance, Santa Barbara's permitting ordinance, might be preempted. It's not clear. Our ordinance is very different from the Long Beach ordinance, nowhere near the sort of level of city involvement in permitting. And so our ordinance is very different. And, yes, I did say that if – one way to read PAC is that you can't have city ordinances, any city ordinance that permits a storefront dispensary or a dispensary. So, yes, and I think that could be a result of the Supreme Court's – The question presented by this case is whether the city's ordinance, which permits and regulates medical marijuana collectives, rather than merely decriminalizing specific attacks, is preempted by Federal law. In this case of first impression, we conclude that to the extent it permits collectives, it is. It is preempted. So the reason I raise the issue, although in your reply brief you were not really dealing with it, the question is what are we going to accomplish here? Well, of course, and then if the PAC decision were to – you know, were to be final and precedent, the question is, all right, so how does that precedent apply to other city ordinances? And, you know, it was – it is not the final definitive answer. So much of this has to do with cities. These cases have to do with cities who are attempting to ban storefront dispensaries altogether, and that's a – that's a preemption issue. It's not present in this case because we're not – we've never attempted to ban these things. Well, then would you agree with Judge Fischer that one remedy here would be to remand? It would be, but, again, the only – the best answer we have is we're scratching our heads on why that analysis would happen when you're talking about a criminal enterprise. In three or four points, very clearly they articulate they're not cultivating their own marijuana. They invested somewhere between $400,000 and $500,000 in this storefront. That can't happen under these state statutes. They admit they're not – their lawyer admits they're not primary caregivers. Okay. Thank you. So to be clear, are you asking that we defer submission and allow the injunction to remain in place, or – I do think that would be appropriate. I think eventually the Supreme Court is being asked to grant review in three more of these cases within the last month, and I believe that the expectation is that that review will be granted in some form, possibly review and hold. I think we would – because there's so much litigation on this and so many reported decisions, I think it is very likely, and my colleagues as well, believe that we're going to get a very definitive ruling from the California Supreme Court on the ins and outs of these state statutes, and that's really what's involved here. We always appreciate guidance from the California Supreme Court on California law. Thank you. All right. Counsel, thank you. We appreciate the arguments. Thank you. Okay. The next argument on calendar is Meyer versus Portfolio.
judges: Nelson, Fisher, Christen